1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ROY CALVIN TISDALE,                   )        3:08-cv-00513-RCJ (RAM)
                                      )
            Plaintiff,                )        **REPORT AND RECOMMENDATION**
                                      )        **OF U.S. MAGISTRATE JUDGE**
      vs.                             )
                                      )
S. PARASCONDO,                        )
                                      )
            Defendant.                )
_____)

       This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

       Before the court is Defendant's Motion to Dismiss. (Doc. #17.)[1] Plaintiff has opposed (Doc. #22), and Defendant has replied (Doc. #25). After a thorough review, the court recommends that the motion be granted.

## I. BACKGROUND

       Plaintiff, a *pro se* litigant in custody of the Nevada Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983. At all relevant times, Plaintiff has been an inmate at either the Clark County Detention Center (CCDC) or the Southern Desert Correctional Center (SDCC). (Pl.'s Amend. Compl. 1 (Doc. #7).) Defendant is a metropolitan police officer. (*Id*. at 2.) Plaintiff seeks compensatory, future and punitive damages against Defendant. (*Id*. at 9.)

_____

[1] Refers to the court's docket number.

In Count I, Plaintiff alleges that Defendant violated his rights secured by the Eighth Amendment by acting with deliberate indifference towards his serious medical needs.  (*Id.* at 4-5.)

In Count II, Plaintiff claims that Defendant violated his Eighth Amendment rights by using excessive force.  (*Id.*)

Defendant moves to dismiss because Plaintiff has failed to file within the statute of limitations.  (Def.'s Mot. to Dismiss 1, 3-4 (Doc. #17).)

## II. LEGAL STANDARD

"A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm.,* 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). At minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555.  The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 1964 (internal quotations and citation omitted).  The "plausibility standard" does not impose a "probability requirement," rather, it requires a complaint to contain "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996) (citation omitted).  However, this tenet is "inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "While legal conclusions

can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.  Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*  A court should assume the veracity of well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (citations, brackets, and quotation omitted).  Thus, a complaint may be dismissed as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th Cir 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984)).

## III. DISCUSSION

Defendant argues that Plaintiff's claims arising out of Defendant's actions on March 8, 2005, are barred by the applicable two-year statute of limitations.  (Def.'s Mot. to Dismiss 3.) Plaintiff contends that his claims are not barred because he filed his "original complaint" in state court prior to the statute of limitations deadline.  (Pl.'s Opp'n 1 (Doc. #22).)

Section 1983 does not contain its own statute of limitations.  Therefore, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985).  The applicable statute of limitations for § 1983 actions brought in Nevada is two years.  Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).  Federal law determines when a cause of action accrues; a federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

Under Nevada law, several circumstances prevent the statute of limitations from running.  Nev. Rev. Stat. § 11.250.  Specifically, the statute will not run if a person is under the age of 18 years, insane, or in the custodial care of the State beginning before the age of 18,

except when the person is imprisoned, paroled or on probation. Nev. Rev. Stat. § 11.250(1)-(3).

Plaintiff had two years from the acts allegedly caused by Defendant within which to commence his section 1983 claims. *See* Nev. Rev. Stat. § 11.190(4)(e). An action is deemed to be commenced when the complaint is filed. Fed. R. Civ. P. 3. Here, Plaintiff's initial complaint, in federal court, was filed on September 19, 2008. (Doc. #1.) Plaintiff's complaint contains allegations surrounding an incident on March 8, 2005, which is more than two years before Plaintiff filed his complaint. Thus, Plaintiff's complaint was filed beyond the statute of limitations. Plaintiff appears to argue that a complaint he filed in state court in another case precludes the statute of limitations from running in this case. (Pl.'s Opp'n 1.) As established above, Nevada does not toll the statute of limitation during other judicial proceedings. Because Plaintiff's circumstances do not allow the statute to be tolled, Plaintiff's complaint in this case is untimely. Therefore, the March 8, 2005 incident is barred by the statute of limitations.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendant's Motion to Dismiss (Doc. #17) with prejudice.

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING AS MOOT** Plaintiff's Motion for Sanctions and Hearing (Doc. #23).

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

///
///
///
///

4

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED:  June 2, 2010.

_____
UNITED STATES MAGISTRATE JUDGE